Case 2:19-cv-01572-RFB-BNW   Document 45   Filed 03/01/21   Page 1 of 5

ERIC W. SWANIS, ESQ.
Nevada Bar No. 006840
GLENN F. MEIER, ESQ.
Nevada Bar No. 006059
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada  89135
Telephone:  (702) 792.3773
Facsimile:   (702) 792.9002
Email:     swanise@gtlaw.com
           meierg@gtlaw.com

LORI G. COHEN, ESQ.
*Admitted Pro Hac Vice*
**GREENBERG TRAURIG, LLP**
Terminus 200
333 Piedmont Road NE, Suite 2500
Atlanta, Georgia  30305
Telephone:  (678) 553.2385
Email:     cohenl@gtlaw.com

CHRISTOPHER J. NEUMANN, ESQ.*
CANDACE UDUEBOR, ESQ.*
**Admitted Pro Hac Vice*
**GREENBERG TRAURIG, LLP**
1144 15th Street, Suite 3300
Denver, Colorado  80202
Telephone:  (303) 572.6500
Email:     neumannc@gtlaw.com
           udueborc@gtlaw.com

*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| REECE FREEMAN; BRITTANY FREEMAN,<br><br>Plaintiff,<br><br>v.<br><br>C. R. BARD, INC.; BARD PERIPHERAL VASCULAR, INCORPORATED,<br><br>Defendants. | CASE NO. 2:19-cv-01572-RFB-BNW<br><br>**STIPULATION AND [PROPOSED] ORDER TO STAY CASE**<br><br>**(FIRST REQUEST)** |

Plaintiffs Reece and Brittany Freeman ("Plaintiffs") and Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. ("Defendants" and collectively with Plaintiffs, the "Parties"), pursuant to Fed. R. Civ. P. 26(c) and (d) and LR IA 6-2, respectfully request that this Court temporarily stay

discovery and all pretrial deadlines until **June 30, 2021** while the Parties pursue settlement. In support thereof, the Parties state as follows:

1. This case was part of the Multi-District Litigation proceeding *In re: Bard IVC Filters Product Liability Litigation*, pending before Senior Judge David Campbell of the District of Arizona.

2. Plaintiff Reece Freeman alleges experiencing complications following the implantation of a Bard Inferior Vena Cava ("IVC") filter, a prescription medical device. He has asserted three strict products liability counts (manufacturing defect, information defect (failure to warn) and design defect), six negligence counts (design, manufacture, failure to recall/retrofit, failure to warn, negligent misrepresentation and negligence per se), two breach of warranty counts (express and implied), two counts sounding in fraud (fraudulent misrepresentation and fraudulent concealment), an unfair and deceptive trade practices count, a claim for loss of consortium, and a claim for punitive damages.

3. Defendants deny the Plaintiffs' allegations.

4. After four years, the completion of general issue discovery, and three bellwether trials, Judge Campbell ordered that certain cases, which have not settled or are not close to settling, be transferred or remanded to the appropriate jurisdictions around the country for case-specific discovery and trial. As a part of that process, he established a "track" system, wherein certain cases were placed on tracks either to finalize settlement paperwork, continue settlement negotiations, or be remanded or transferred.

5. This case was transferred to this Court on May 18, 2017 because at the time it was not close to settling. Recently, the Parties have begun settlement discussions and are scheduling a global mediation as to all of Plaintiffs' counsel's IVC filter cases in June 2021. The Parties believe that a stay is necessary to conserve their resources and attention so that they may attempt to resolve this case and those of the other plaintiffs represented by Plaintiffs' counsel with cases pending before this Court.

6. Accordingly, the Parties request that this Court issue an order staying discovery and pretrial deadlines until **June 30, 2021** to allow the Parties time to continue their settlement

1  discussions and attend mediation in June if still necessary. This will further facilitate settlement
2  discussions, prevent unnecessary expenditures by the Parties, and conserve judicial resources as well
3  as place this case on a similar "track" as the MDL cases Judge Campbell determined should continue
4  settlement dialogue.

5  7. A district court has broad discretion over pretrial discovery rulings. *Crawford-El v.*
6  *Britton*, 523 U.S. 574, 598 (1998); *accord, Republic of Ecuador v. Hinchee,* 741 F.3d 1185, 1188-89
7  (11th Cir. 2013); *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning*
8  *Engineers, Inc.,* 755 F.3d 832, 837 (7th Cir. 2014); *see also, Cook v. Kartridg Pak Co.,* 840 F.2d 602,
9  604 (8th Cir. 1988) ("A district court must be free to use and control pretrial procedure in furtherance
10  of the orderly administration of justice.").

11  8. Under Federal Rules of Civil Procedure 26(c) and 26(d), a court may limit the scope
12  of discovery or control its sequence. *Britton*, 523 U.S. at 598. Although settlement negotiations do
13  not automatically excuse a party from its discovery obligations, the parties can seek a stay prior to
14  the cutoff date. *Sofo v. Pan-American Life Ins. Co.,* 13 F.3d 239, 242 (7th Cir. 1994); *see also,*
15  *Wichita Falls Office Assocs. V. Banc One Corp.,* 978 F.2d 915, 918 (5th Cir. 1993) (finding that a
16  "trial judge's decision to curtail discovery is granted great deference," and noting that the discovery
17  had been pushed back a number of times because of pending settlement negotiations).

18  9. Facilitating the efforts of parties to resolve their disputes weighs in favor of granting
19  a stay. In *Coker v. Dowd*, 2:13-cv-0994-JCM-NJK, 2013 U.S. Dist. LEXIS 201845, at *2-3 (D. Nev.
20  July 8, 2013), the parties requested a 60-day stay to facilitate ongoing settlement negotiations and
21  permit them to mediate global settlement. The Court granted the stay, finding the parties would be
22  prejudiced if required to move forward with discovery at that time and a stay would potentially
23  prevent an unnecessary complication in the case. *Id*. at *3. Similarly, the Parties in the present case
24  are engaged in ongoing comprehensive settlement negotiations with Plaintiffs and the other plaintiffs
25  represented by Plaintiffs' counsel and plan to mediate these cases in June 2021.

26  10. The Parties agree that the relief sought herein is necessary to handle the case in the
27  most economical fashion yet allow sufficient time to schedule and complete discovery if necessary,
28  / / /

1  consistent with the scheduling obligations of counsel.  The relief sought in this stipulation is not
2  being requested for delay, but so that justice may be done.
3       **WHEREFORE**, Plaintiffs and Defendants respectfully request the Court's approval of this
4  stipulation to stay discovery and all pretrial deadlines until **June 30, 2021** to allow the Parties to
5  conduct ongoing settlement negotiations and mediation.
6       **IT IS SO STIPULATED.**

        Respectfully submitted this 22nd day of February 2021.

| WETHERALL GROUP, LTD. | GREENBERG TRAURIG, LLP |
|---|---|
| By: /s/ Peter C. Wetherall | By: /s/ Eric W. Swanis |
| PETER C. WETHERALL, ESQ. | ERIC W. SWANIS, ESQ. |
| Nevada Bar No. 4414 | Nevada Bar No. 6840 |
| pwetherall@wetherallgroup.com | swanise@gtlaw.com |
| 9345 W. Sunset Road, Suite 100 | 10845 Griffith Peak Drive, Ste. 600 |
| Las Vegas, Nevada 89148 | Las Vegas, Nevada 89135 |
| Telephone: (702) 838-8500 | Telephone: (702) 792-3773 |
| Facsimile:  (702) 837-5081 | Facsimile:  (702) 792-9002 |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |

                        **IT IS SO ORDERED.**



RICHARD F. BOULWARE, II
United States District Court

                        DATED this 1st day of March, 2021.

**CERTIFICATE OF SERVICE**

I hereby certify that on **February 22, 2021**, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive such service.

                                                        */s/ Shermielynn Irasga*
                                         An employee of GREENBERG TRAURIG, LLP